**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-6356**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAROLD K. ALLEY, JR.,

Defendant - Appellant.

---

**No. 24-6648**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAROLD K. ALLEY, JR.,

Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:17-mj-01102-BO-1)

---

Submitted:  October 10, 2024                    Decided:  October 24, 2024

---

Before WILKINSON and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Meredith Woods Hubbard, HUBBARD LAW FIRM PLLC, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Lori B. Warlick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Harold K. Alley, Jr., seeks to appeal the district court's orders denying without prejudice or as moot his pro se motions to represent himself and concerning appointed counsel.  The Government moves to dismiss the appeal for lack of jurisdiction.  Alley and his counsel have each responded to the motion.

We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949).  "This final judgment rule requires 'that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.'" *Flanagan v. United States*, 465 U.S. 259, 263 (1984).  "In the criminal context, this means that this Court generally does not have appellate jurisdiction until after the imposition of a sentence." *United States v. Sueiro*, 946 F.3d 637, 639 (4th Cir. 2020).

The orders that Alley seeks to appeal are neither final orders nor appealable interlocutory or collateral orders.  *See id.* at 642.  Accordingly, we grant the Government's motion to dismiss, and we dismiss these appeals for lack of jurisdiction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3